USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 6/17/14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------X

DANIELLE RUSSELL,

                Plaintiff,

    -v.-

HOLLISTER CORPORATION, *et al.*,

                Defendants.

--------------------------------------------------------------------X

**REPORT AND RECOMMENDATION**

13-cv-5273 (PAC) (JLC)

**JAMES L. COTT, United States Magistrate Judge.**

**To The Honorable Paul A. Crotty, United States District Judge:**

    *Pro se* Plaintiff Danielle Russell has brought this action alleging employment

discrimination and retaliation in violation of federal, state, and local laws. Defendant

Abercrombie & Fitch Stores, Inc. ("Abercrombie") has moved to strike Russell's amended and

"second" amended complaint, filed on the same date, pursuant to Rule 12(f) of the Federal Rules

of Civil Procedure, and to dismiss Russell's claims pursuant to Rules 4(m) and 12(b)(6) of the

Federal Rules of Civil Procedure.[1] For the reasons set forth below, I recommend that

Abercrombie's motions be denied, except I recommend that Russell's non-race-based

discrimination claims be dismissed.

## I.   BACKGROUND

### A.   Russell's Allegations

    Russell commenced this action using the Court's form complaint for *pro se* litigants

---

[1]    Russell's initial complaint incorrectly named "Hollister Corporation" as the only
defendant. Complaint, dated July 24, 2013 ("Compl.") (Dkt. No. 1). Russell's first amended
complaint named, *inter alia*, "Abercrombie & Fitch Stores, Inc." as a defendant, and
Abercrombie has submitted the motions considered in this Report and Recommendation.
Amended Complaint, dated February 14, 2014 ("Am. Compl.") (Dkt. No. 15), at ¶1B; Notice of
Motion to Dismiss the Complaint, dated Jan. 17, 2014 (Not. Of Motion) (Dkt. No. 13), at 1.

raising employment discrimination claims and then twice amended her complaint, as discussed

further below. Unless otherwise noted, the facts presented are drawn from the amended

complaint and considered in the light most favorable to Russell.[2]  Russell began working for

Abercrombie as a "visual stylist" in 2009. Am. Compl., at 3.[3]  On August 12, 2011, Russell

arrived at work with retouched "light brown highlights" in her hair. *Id*. The general manager of

the store told Russell to change her hair because it did not fit the store's "look policy." *Id*. Over

the next several days, Russell had similar conversations with various superiors. *Id*. at 3-4.

Russell asked at least two of these superiors to put what they told her in writing, but they refused.

*Id*. at 4. According to Russell, who is African-American, there were female Caucasian

employees with bleached blond hair and Latina employees with orange hair who worked for

Abercrombie without incident. *Id*.

On August 17, 2011, a supervisor informed Russell that she would be "written up" for

failing to change her hair to conform with the "look policy" and Russell was escorted from the

store. *Id*. When Russell attempted to check her work schedule online on August 21, 2011, she

was unable to log in to the system. *Id*. Russell alleges that Abercrombie discriminated against

her by terminating her, imposing unequal terms and conditions of employment, harassing her,

and retaliating against her for asserting her rights. *Id*. at ¶ 2A.

---

[2]      On February 14, 2014, Russell filed both an amended complaint and a "second" amended
complaint. *See* Am. Compl.; Second Amended Complaint ("Sec. Am. Compl.") (Dkt. No. 17).
The amended complaint and the second amended complaint are identical except that the former
names as defendants variations of Abercrombie and Hollister Corporation, while the latter names
only Hollister. *See also supra* n.1.

[3]      Citations to page numbers in the complaint, amended complaint, and second amended
complaint refer to the page number of the ECF document, unless a paragraph number on the
form itself is available.

**B.    Procedural History**

On September 7, 2011, Russell filed a Charge of Discrimination with the U.S. Equal

Employment Opportunity Commission ("EEOC") and the New York State Division of Human

Rights, alleging that Abercrombie discriminated against her on the basis of race. Charge of

Discrimination, attached as Exhibit A to Memorandum of Law in Support of Defendant's Motion

to Dismiss ("Def. Mem.") (Dkt. No. 14). The EEOC, finding that it could not make a

determination that her rights were violated based on the information provided, issued a right-to-

sue notice to Russell dated April 22, 2013. EEOC Dismissal and Notice of Rights, attached as

Ex. A to Am. Compl.

Russell commenced the instant suit on July 24, 2013, checking off the boxes for

violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in

Employment Act of 1967 ("ADEA"), the Americans with Disabilities Act of 1990 ("ADA"), the

New York State Human Rights Law ("NYSHRL"), and the New York City Human Rights Law

("NYCHRL"), as the bases for her complaint. Compl., at 1. On September 3, 2013, Russell was

ordered to complete a U.S. Marshals Service Process Receipt and Return form ("USM-285")

within 30 days. Order (Dkt. No. 5), at 1-2. According to the docket sheet, the USM-285 was

returned on October 7, 2013, a summons was issued the same day, and service was executed on

Hollister Corporation by the Marshals Service on November 29, 2013. *See* Marshal's Process

Receipt and Return of Service Executed ("Process Receipt") (Dkt. No. 7).[4]

Abercrombie moved to dismiss the complaint on January 17, 2014. Not. of Motion (Dkt.

No. 13). Abercrombie argued that Russell failed to effectuate timely service of the summons and

---

[4]     Although there is no indication on the docket sheet that Abercrombie, as opposed to
Hollister Corporation, was served, Abercrombie concedes that it employed Russell and is the
proper defendant in this case. Letter from Abercrombie to Hon. Paul A. Crotty dated Dec. 19,
2013 (Dkt. No. 10), at 1.

complaint pursuant to Fed. R. Civ. P. 4(m), and failed to timely file her race discrimination claim within 90 days of receipt of the EEOC right-to-sue letter in violation of Title VII. Def. Mem., at 2. In addition, Abercrombie contended that Russell had failed to exhaust her administrative remedies with respect to her sex, age, and disability claims. *Id.*[5]

On February 14, 2014, Russell submitted an affidavit in opposition to Abercrombie's motion (Dkt. No. 16). She also filed two amended complaints on that date, the substance of which was identical to the original complaint except that on the amended complaints Russell unchecked the ADA and the ADEA boxes as grounds for the action, checked the line indicating a retaliation claim, and changed the date that she allegedly received her EEOC right-to-sue notice from April 24, 2013, as indicated on her original complaint, to April 29, 2013. *Compare* Compl., at 1, ¶¶ 2A, 3B *with* Am. Compl., at 1, ¶¶ 2A, 3B *and* Sec. Am. Compl., at 1, ¶¶ 2A, 3B.

In response, Abercrombie submitted a letter on February 21, 2014 in which it sought permission to move to strike Russell's amended complaint because Russell failed to timely file her amended complaint or obtain Abercrombie's consent or the Court's permission to amend, and "directly contradict[ed] the factual assertions" she made in her original complaint by changing the date she allegedly received her right-to-sue notice. Letter dated February 21, 2014 (Dkt. No. 18), at 1. The Court construed this letter as a motion to strike Russell's amended complaints pursuant to Rule 12(f). *See* Order (Dkt. No. 19), at 1. The Court ordered Russell to respond to this motion and to include any documentation in her possession demonstrating that she had received the right-to-sue notice on the later date identified in her most recent complaints. *Id.*

---

[5]     Abercrombie also argued that the complaint failed to state a claim for age or disability discrimination. *Id.* at 8-9.

On March 12, 2014, Russell filed a letter in response to Abercrombie's various motions,

requesting that the Court "keep [her] case on the calendar," but she did not submit any

documentation as to her receipt of the right-to-sue notice. Letter dated Mar. 10, 2014 (Dkt. No.

20), at 1. Russell contended that she had "made a mistake" when she wrote "April 24" instead of

"April 29" as the date of receipt of her right-to-sue notice in her initial complaint. *Id.* On March

26, 2014, Abercrombie submitted a reply in support of its motions. Reply in Support of

Abercrombie's Motion to Dismiss and Motion to Strike Plaintiff's Purported Amended

Complaint ("Def. Reply") (Dkt. No. 21).

## II.  DISCUSSION

### A.  **Motion to Dismiss for Untimely Service of Process**

To start, Abercrombie moves to dismiss this action for untimely service of process,

claiming that it was not served until November 29, 2013, 128 days after the complaint was filed.

Def. Mem., at 5. While Abercrombie correctly notes that a plaintiff must ordinarily serve

process on all defendants within 120 days of filing a complaint, Fed. R. Civ. P. 4(m), it curiously

ignores the Court's intervening Order of Service dated September 3, 2013 (Dkt. No. 5),

modifying the deadline for service of process. It is well-established that an order of service may

supersede the usual deadline for service that runs from the date the complaint is filed. *See, e.g.*,

*Rosario v. City of New York*, No. 11 Civ. 9008 (PAC) (SN), 2013 WL 782408, at *4 (S.D.N.Y.

Jan. 9, 2013), Report and Recommendation *adopted by* 2013 WL 782581 (S.D.N.Y. Mar. 1,

2013); *Richardson v. City of New York*, No. 11 Civ. 5733 (TPG), 2012 WL 4718623, at *2

(S.D.N.Y. Sept. 27, 2012). The Court's September 3 order directed Russell to effect service

5

within 120 days of the date the summons is issued, which occurred on October 7, 2013.[6]
Abercrombie was served on November 29, 2013, well within that deadline. Therefore, service
was timely and Abercrombie's motion to dismiss under Rule 4(m) should be denied.

## B.    Motion to Strike the Amended Complaints

Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once
as a matter of right within 21 days after service of the pleading, a required responsive pleading,
or a Rule 12(b), (e), or (f) motion. Fed. R. Civ. P. 15(a)(1). Beyond that, a party may only
amend a pleading with the opposing party's written consent or with leave of the court. Fed. R.
Civ. P. 15(a)(2). Russell has not complied with Rule 15(a), having filed her amended complaints
without Abercrombie's consent, without the court's leave, and not until February 14, 2014,
nearly three months after service of the complaint and more than 21 days after Abercrombie filed
its motion. In response, Abercrombie moves to strike Russell's amended complaints under Rule
12(f). For the reasons that follow, the Court should permit Russell's amended pleadings and
deny Abercrombie's motion to strike.[7]

As a threshold matter, the fact that Russell, who is proceeding *pro se*, did not request
leave prior to filing her purported amendments is immaterial – Russell made her "desire to
amend clear" by filing her amended complaints and the Court therefore deems these submissions

---

[6]     While it is true Russell returned the USM-285 four days after the 30 days required by the
Court, this delay should not warrant a dismissal under Rule 4, and Abercrombie offers no
support for such a result.

[7]     Rule 12(f) provides that "[t]he court may strike from a pleading . . . any redundant,
immaterial, impertinent, or scandalous matter." Rule 12(f) motions to strike are "generally
disfavored and infrequently granted." *Wermann v. Excel Dentistry, P.C.*, No. 13 Civ. 7028
(DAB), 2014 WL 846723, at *5 (S.D.N.Y. Feb. 25, 2014). It is not clear that a Rule 12(f)
motion is the proper method to contest a purported amended complaint that has not yet been
approved by the Court; the more appropriate course for Abercrombie would have been simply to
file an opposition to Russell's attempt to amend her complaint.

6

as tantamount to an application for leave. *O'Hara v. Weeks Marine, Inc.*, 294 F.3d 55, 68 n.6 (2d Cir. 2002) (citing *McLaughlin v. Anderson*, 962 F.2d 187, 195 (2d Cir. 1992)). It is "within the sound discretion of the district court to grant or deny leave to amend," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007), and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). *See also Tolliver v. Malin*, No. 12 Civ. 971 (DAB) (KNF), 2014 WL 1378447, at \*6 (S.D.N.Y. Apr. 4, 2014) (leave to amend liberally granted). Courts may deny leave to amend, but ordinarily because of factors such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). The only one of these factors implicated here is Abercrombie's charge that Russell amended her complaints in bad faith.

Abercrombie argues that the amended complaints are a "transparent attempt to avoid dismissal," contending that Russell changed the date of receipt of the right-to-sue notice in her amended complaint solely for the purpose of rendering her complaint timely. Def. Reply, at 4. The date indicated in the original complaint, April 24, 2013, would mean that when she initiated her federal lawsuit on July 24, 2013, she was one day outside the 90-day filing deadline provided for in Title VII. Def. Mem., at 6-7 (citing 42 U.S.C. § 2000e-5(f)(1)). The revised date of April 29, alleged only after Abercrombie's motion to dismiss highlighted this flaw, conveniently removes the problem. For her part, Russell contends that she "made a mistake" when she wrote April 24, 2013 in her original complaint. Letter dated Mar. 12, 2014 (Dkt. No. 20), at 1. She states that the original April 24 date was not "plausible" as it would mean that she received the

7

notice a mere two days after its issuance. *Id.* She cites to authority that there is a presumption that a document is received three days after it is mailed, and suggests that application of this presumption would mean the notice was received on April 25, 2013, making her complaint timely. *Id.*[8]

Although Russell's modification of the crucial detail of the receipt date is problematic, to say the least, the proper response is not to strike or dismiss an amended complaint based solely on contradictory statements or those inconsistent with prior pleadings. Rather, "the more usual and benevolent option is to accept the superseded pleadings but allow the factfinder to consider the earlier pleadings as admissions in due course." *Barris v. Hamilton*, No. 96 Civ. 9541 (DAB), 1999 WL 311813, at *2 (S.D.N.Y. May 17, 1999); *see also Bernadotte v. New York Hosp. Med. Ctr. of Queens*, No. 13 Civ. 965 (MKB), 2014 WL 808013, at *5 (S.D.N.Y. Feb. 28, 2014) ("Prior inconsistent pleadings . . . are controvertible, not conclusive, admissions.") (quoting *The Limited, Inc. v. McCrory Corp.*, 683 F. Supp. 387, 395 n.5 (S.D.N.Y. 1988)). Additionally, courts have recourse to impose sanctions if it is later determined that a party, including one proceeding *pro se*, submitted a false pleading solely to survive a motion to dismiss. *See, e.g., Colliton v. Cravath, Swaine & Moore LLP*, No. 08 Civ. 400 (NRB), 2008 WL 4386764, at *13-15 (S.D.N.Y. Sept. 24, 2008) (imposing sanctions on *pro se* plaintiff who "filed an amended complaint consisting of self-contradictory allegations without legal or factual support"); *Kermanshah v. Kermanshah*, 580 F. Supp. 2d 247, 267 (S.D.N.Y. 2008) ("[D]ismissal is unwarranted . . . but this Court will carefully scrutinize the evidence moving forward, and will

---

[8]     Russell cites *Brown v. W. Valley Envtl. Servs. LLC* in support of this proposition. No. 10 Civ. 210A, 2010 WL 3369604 (W.D.N.Y. Aug. 24, 2010). While that case does not discuss the presumption that a document is received three days after it is mailed, there is case law in this Circuit that supports such a rule. *See, e.g., Friedman v. Swiss Re Am. Holding Corp.*, 512 F. App'x 94, 96 (2d Cir. 2013) (citing *Sherlock v. Montefiore Med. Ctr.*, 84 F.3d 522, 525 (2d Cir. 1996)).

8

not hesitate to impose sanctions . . . if it later appears that the pleadings were inappropriately manipulated to survive defendants' motion.").

The cases to which Abercrombie cites in support of its contention that Russell's inconsistent pleadings should be stricken are unavailing. *See* Letter dated Feb. 21, 2014, at 2-3; Def. Reply, at 4. In two of these cases, the court did not actually strike contradictory amended pleadings and noted that while courts *may* have recourse to take such a drastic step, it is not mandatory. *Williams v. Black Entm't Television, Inc.*, No. 13 Civ. 1459 (JS) (WDW), 2014 WL 585419, at *6 (E.D.N.Y. Feb. 14, 2014) (finding that allegations made in amended complaint were not "blatant reversal" and granting plaintiff's motion to amend); *Kilkenny v. Law Office of Cushner & Garvey, L.L.P.*, No. 08 Civ. 588 (KMK), 2012 WL 1638326, at *5 (S.D.N.Y. May 8, 2012) (declining to rule on request to disregard allegations in amended complaint that contradicted original complaint). In the third case, the court rejected an attempt to amend the complaint, but only where the plaintiff sought to change his pleadings to indicate that he had received his EEOC right-to-sue notice almost *two years later* than he had indicated in his original complaint. *Romain v. Capital One, N.A.*, No. 13 Civ. 3035 (JS) (WDW), 2013 WL 6407731, at *3 (E.D.N.Y. Dec. 9, 2013), *motion to set aside denied*, 2014 WL 1653204 (E.D.N.Y. Apr. 24, 2014). The five-day discrepancy in Russell's purported mistake in her original complaint is simply not comparable to the "patently implausible" two-year alteration sought by the plaintiff in *Romain*. 2013 WL 6407731, at *3.

Furthermore, striking Russell's amended complaints would leave in place the earlier receipt date and effectively lead to the dismissal of her action as untimely – a draconian sanction that is particularly inappropriate given Russell's status as a *pro se* plaintiff. "[A] *pro se* litigant in particular should be afforded every reasonable opportunity to demonstrate that [s]he has a

9

valid claim." *Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (quoting *Matima v. Celli*, 228 F.3d 68, 81 (2d Cir. 2000)). A court should not dismiss a *pro se* complaint without providing an opportunity to amend when there is an indication of a viable claim, unless the amendment would be futile, which is not the case here. *See Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010); *Tocker v. Philip Morris Cos.*, 470 F.3d 481, 491 (2d Cir. 2006).[9]

Therefore, Abercrombie's motion to strike on the basis of the inconsistent receipt dates should be denied. However, Russell should be put on notice that her pleadings are signed under penalty of perjury and that she has an obligation to litigate this action in good faith. *See Kilkenny*, 2012 WL 1638326, at *5 ("[E]ven *pro se* parties have an obligation to act honestly and in good faith when conducting business before the courts."). Moreover, she should be aware that the finder of fact may consider as an admission her initial statement that she received the right-to-sue notice on April 24, 2013. *See, e.g., Barris*, 1999 WL 311813, at *2. Finally, Russell should be warned that the Court may impose sanctions against her – including Abercrombie's attorneys' fees and costs – if it is discovered that she knowingly and inaccurately changed the facts in her amended complaint solely to survive Abercrombie's motion to dismiss. *See* Fed. R. Civ. P. 11; *Colliton*, 2008 WL 4386764, at *13-14.

The Court must also decide which of Russell's two amended complaints, filed on the same day, should be considered the operative complaint. The two amended complaints are identical, except that the "second" amended complaint inexplicably removed Abercrombie as a defendant. *See* Am. Compl., at ¶1B; 2nd Am. Compl, at ¶1B. The Court infers Russell's

---

[9]    Nor has Russell previously amended her pleadings. *See Grullon v. City of New Haven*, 720 F.3d 133, 139 (2d Cir. 2013) ("A *pro se* complaint 'should not [be] dismiss[ed] without [the Court's] granting leave to amend *at least once* when a liberal reading of the complaint gives any indication that a valid claim might be stated'") (alteration in original) (emphasis added) (quoting *Chavis*, 618 F.3d at 170).

intention to name Abercrombie as a defendant, as it is Abercrombie's motions which she

opposes. *See generally Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013) (courts must interpret

*pro se* submissions to raise strongest claim they suggest) (citing *Pabon v. Wright*, 459 F.3d 241,

248 (2d Cir. 2006)). As a result, the "first" amended complaint should be considered the

operative complaint in this action.

## C.    Motion to Dismiss for Failure to State a Claim

### 1.    Legal Standard

Rule 12(b)(6) allows a party to move to dismiss a complaint for "failure to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6)

motion, a court accepts all factual allegations in the complaint as true and draws all reasonable

inferences in the plaintiff's favor. *See, e.g.*, *Warren v. Colvin*, 744 F.3d 841, 843 (2d Cir. 2014).

To survive dismissal, enough facts must be pleaded "to state a claim to relief that is plausible on

its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists when

the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the

defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

(citing *Twombly*, 550 U.S. at 556). While *pro se* complaints are read liberally to raise the

strongest arguments they suggest, they must still state a plausible claim for relief. *Walker*, 717

F.3d at 124 (citing *Harris v. Mills*, 572 F.3d 66, 73 (2d Cir. 2009)). A district court should

dismiss a *pro se* plaintiff's complaint if it "fail[s] to meet minimum pleading requirements."

*Kinsey v. Bloomberg*, No. 12 Civ. 8936 (PAE) (JCF), 2014 WL 630670, at *3 (S.D.N.Y. Feb. 18,

2014).

### 2.    Russell's Complaint Was Timely

Abercrombie argues that Russell's complaint should be dismissed as untimely because

11

she filed the complaint on July 24, 2013, 91 days after April 24, 2013, when she received the

right-to-sue notice according to the original complaint. Def. Mem., at 6-7. However, as

discussed above, the receipt date of the right-to-sue notice, according to the amended complaint,

is April 29, 2013. Am. Compl., at ¶3B. Because the Court accepts as true the assertion that

Russell received her right-to-sue notice on April 29, 2013 for purposes of the motion to dismiss,

her complaint was filed within the applicable 90-day time period and Abercrombie's motion to

dismiss on timeliness grounds should be denied.

### 3.   Russell's Sex, Age, and Disability Claims Should Be Deemed Withdrawn or Barred

Abercrombie argues that Russell's sex, age, and disability claims under Title VII, the

ADEA, and the ADA should be dismissed because she failed to raise any allegations of such

discrimination in her EEOC charge, and therefore failed to exhaust the necessary administrative

remedies. Def. Mem., at 8-9. As a preliminary matter, Russell unchecked the boxes charging

discrimination under the ADEA and ADA in the amended complaint. Am. Compl., at 1.

Therefore, the age and disability claims should be deemed withdrawn. However, Russell still

alleges gender discrimination under Title VII, the NYSHRL, and the NYCHRL in her amended

complaint and this remaining claim should be dismissed for failure to exhaust.

"The federal courts generally have no jurisdiction to hear claims not alleged in an

employee's EEOC charge." *Shah v. N.Y. State. Dep't. of Civil Serv.*, 168 F.3d 610, 613 (2d Cir.

1999). Employment discrimination claims not originally included in an EEOC charge may be

brought in federal court only if they are "reasonably related" to claims that have previously been

alleged before the EEOC. *See Plahutnik v. Daiken America, Inc.*, 912 F. Supp. 2d 96, 103-04

(S.D.N.Y. 2012) (quoting *Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d

Cir. 2001)). The relevant inquiry into whether a plaintiff has successfully preserved a claim for

litigation in federal court is whether her EEOC complaint gave the agency "adequate notice to investigate discrimination" on the basis later asserted in the lawsuit. *Farren v. Shaw Envtl, Inc.*, 510 F. App'x 44, 46 (2d Cir. 2013) (quoting *Williams v. N.Y. City Hous. Auth.*, 458 F.3d 67, 70 (2d Cir. 2006)).

Russell's allegations did not give the EEOC adequate notice to investigate discrimination on the basis of gender. She did not check the box on the form complaint indicating a desire to bring a gender-based claim. *See* Def. Mem., Ex. A. Moreover, she alleged in her complaint that: "I believe I was singled out because I am Black, as other females who work there were not terminated because they have highlights in their hair." *Id.* Because Russell explained that she believed she had been singled out as a result of her race and explicitly not on the basis of gender, the EEOC could not have reasonably been on notice that Russell was asserting a gender-based complaint. *See, e.g., Carter v. New Venture Gear, Inc.*, 310 F. App'x 454, 458 (2d Cir. 2009) (affirming summary judgment for defendants on gender discrimination claim where EEOC complaint only alleged race discrimination); *Davis-Bell v. Columbia Univ.*, 851 F. Supp. 2d 650, 668-69 (S.D.N.Y. 2012) (dismissing race discrimination claims for failure to exhaust administrative remedies where EEOC complaint only alleged sex discrimination and retaliation). Therefore, Russell did not exhaust her gender discrimination claim and accordingly it should be dismissed.

## III.  CONCLUSION

For the reasons stated herein, I recommend that Abercrombie's motions be denied, except I recommend that Russell's non-race-based discrimination claims be dismissed.

13

## PROCEDURE FOR FILING OBJECTIONS
## TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil

Procedure, the parties shall have fourteen (14) days from service of this Report to file written

objections. *See also* Fed. R. Civ. P. 6. Such objections, and any responses to such objections,

shall be filed with the Clerk of Court, with courtesy copies delivered to the chambers of the

Honorable Paul A. Crotty and to the chambers of the undersigned, United States Courthouse, 500

Pearl Street, New York, New York, 10007. Any requests for an extension of time for filing

objections must be directed to Judge Crotty. **FAILURE TO FILE OBJECTIONS WITHIN**

**FOURTEEN (14) DAYS WILL RESULT IN A WAIVER OF OBJECTIONS AND WILL**

**PRECLUDE APPELLATE REVIEW.** *See Thomas v. Arn*, 474 U.S. 140 (1985); *Wagner &*

*Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C.*, 596 F.3d 84, 92

(2d Cir. 2010); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. If Plaintiff does not have access to

cases cited herein that are reported on LexisNexis or Westlaw, she should request copies from

Defendant's counsel. *See Lebron v. Sanders*, 557 F.3d 76, 79 (2d Cir. 2009).

Dated: New York, New York
      June 16, 2014

JAMES L. COTT
United States Magistrate Judge

14