UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: August 8, 2014
```

---

DANIELLE RUSSELL,

         *Plaintiff*,

  -against-

HOLLISTER CORPORATION, ABERCROMBIE & FITCH STORES, INC., ABERCROMBIE & FITCH MANAGEMENT CO., ABERCROMBIE & FITCH HOLDING CORP., and ABERCROMBIE & FITCH CO.

         *Defendants*.

**ORDER ADOPTING REPORT & RECOMMENDATION**

13 Civ. 5273 (PAC)(JLC)

---

HONORABLE PAUL A. CROTTY, United States District Judge:

    *Pro se* Plaintiff Danielle Russell alleges that her employer[1] discriminated and retaliated against her in violation of federal, state, and local laws. Plaintiff worked as a "visual stylist" at a Hollister clothing store in Manhattan and alleges that management discriminated against her by ordering her to change her "light brown highlights" because it "doesn't fit the look policy." Plaintiff, who is African-American, alleges that she was told that she could not return to work unless she changed her hair color, while women of other ethnicities were allowed to work with color-treated hair. Defendant Abercrombie & Fitch Stores, Inc. ("Abercrombie") moves (1) to dismiss the Complaint and (2) to strike the subsequently filed amended complaints.

---

[1] Plaintiff's initial complaint named only "Hollister Corporation" as the defendant. Defendant Abercrombie & Fitch Stores, Inc., however, states that it was the entity that employed Plaintiff "[a]t all relevant times" and that "Hollister Corporation" is "not an Abercrombie & Fitch entity." (Def.'s Mem. at 2 n.1.) The confusion apparently stems from the fact that "Hollister Co." is a brand of Defendant's parent company, Abercrombie & Fitch Co., under which it operates some of its stores. (*See* Abercrombie & Fitch Co. Annual Report (Form 10-K) at 4, 15 (Mar. 29, 2011).) Plaintiff's Amended Complaint names the other defendants that now appear in the caption.

1

On June 17, 2014, Magistrate Judge James Cott issued a Report and Recommendation ("R&R") on the motion, which summarizes the somewhat unusual procedural history in this case. (*See* R&R at 3–5.) The Court incorporates that summary by reference. With respect to the merits, the R&R recommends that "Abercrombie's motions be denied, except . . . that Russell's non-race-based discrimination claims be dismissed." (*Id.* at 13.) In particular, the R&R concludes that:

1. service of process of the initial complaint was timely (*id.* at 5–6);
2. Plaintiff's purported "mistake" in her initial complaint about the date she received the EEOC right-to-sue letter should not bar her amended complaints (*id.* at 6–10);
3. Plaintiff should be warned that her inconsistent pleadings may subject her to an adverse inference by the fact-finder or to sanctions (*id.* at 10);
4. Plaintiff's Amended Complaint should be accepted as the operative complaint (rather than the Second Amended Complaint) because it appears to name the proper Defendant (*id.* at 10–11);
5. Plaintiff's age and disability claims should be deemed withdrawn because she "unchecked the boxes charging discrimination under the ADEA and ADA in the amended complaint" (*id.* at 12); and
6. Plaintiff's gender discrimination claims should be dismissed for failure to exhaust them with the EEOC (*id.* at 12–13).

"Within 14 days after being served with a copy of [an R&R], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1). A district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "The district court may adopt those portions of the report to which no timely objection has been made, so long as there is no clear error on the face of the record." *Feehan v. Feehan*, No. 09-CV-7016, 2011 WL 497776 at *1 (S.D.N.Y. Feb. 10, 2011).

Neither party has objected to the R&R, which was issued more than seven weeks ago. Therefore, the Court has reviewed the record for clear error and finds none.[2]

Accordingly, the Court adopts Magistrate Judge Cott's R&R, and Abercrombie's motions are GRANTED IN PART and DENIED IN PART. That is, Abercrombie's motions are denied, except that Russell's non-race-based discrimination claims are dismissed. Plaintiff's race-based claims under Title VII, NYSHRL, and NYCHRL may proceed.

The Clerk of Court is directed to terminate the pending motions. The reference to Magistrate Judge Cott is continued.

Dated: New York, New York
August 8, 2014

SO ORDERED

*[signature]*

PAUL A. CROTTY
United States District Judge

Copy Mailed By Chambers To:

Danielle Russell
720 E. 35th Street
Brooklyn, NY 11210

---

[2] The court clarifies, however, that Plaintiff's gender-based claims under NYSHRL and NYCHRL claims are not being dismissed for failure to exhaust them with the EEOC. *See Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996) (distinguishing Title VII's exhaustion requirement from NYSHRL's three-year statute of limitations); *Mitchell-Miranda v. City of New York*, No. 08-CV-4031, 2011 WL 1210202, at *10 n.3 (S.D.N.Y. Mar. 24, 2011) ("[T]here is no exhaustion requirement under the NYSHRL . . . ."). Rather, they are being dismissed for failure to state a claim, because the Amended Complaint alleges that Plaintiff was "singled out as a result of her race and explicitly not on the basis of gender." (*See* R&R at 13.)

3